W

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| ERNESTO ALVARADO, | Case No. ED CV 25-03197-FMO (AS) |
| Plaintiff, | **ORDER ACCEPTING FINDINGS,** |
| v. | **CONCLUSIONS AND RECOMMNEDATIONS OF** |
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, et. al., | **UNITED STATES MAGISTRATE JUDGE** |
| Defendants. | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, all of the records herein, and the Report and Recommendation of a United States Magistrate Judge (Dkt. No. 12; the "Report"), and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 13, "Objections").

The Report recommends dismissal of the Complaint without leave to amend and dismissal of this action with prejudice.  (Dkt. No.

12.) Plaintiff's Objections do not warrant a change in the Report's findings or recommendations.

Plaintiff objects that he has stated a First Amendment retaliation claim, based on alleged intimidation for filing complaints against Defendants. (Dkt. No. 13 at 1-4.) As the Report found, however, "Plaintiff fails to plausibly show that Defendants directed any conduct at him with a retaliatory motive. Instead, Plaintiff strains to link a variety of parties and incidents by a web of thin correlations and conjectures, to no avail." (Dkt. No. 12 at 14.) Plaintiff alleged, for example, that traffic roadblocks and fire trucks were deployed to intimidate him after he raised workplace grievances. (Dkt. No. 1 at 3, 4.) "Plaintiff's claim rests on numerous inferences that are purely speculative, if not outright fanciful." (Dkt. No. 12 at 16.)

Plaintiff objects that he has stated a Fourth Amendment claim by alleging that Defendants illegally monitored his electronic devices, to wit, his cell phone and computer. (Dkt. No. 13 at 4-5.) As the Report found, however, "Plaintiff fails to offer any non-conclusory allegations to show this. Technological malfunctions alone do not demonstrate government surveillance." (Dkt. No. 12 at 19) (citing cases). "Such speculative allegations, as with Plaintiff's claims of being followed by fire trucks, do not plausibly demonstrate government surveillance or any intrusion to implicate Plaintiff's Fourth Amendment rights." (Id.) (citing cases).

Plaintiff objects that he has stated a Fourteenth Amendment claim based on being tracked online and stalked by law enforcement officers.  (Dkt. No. 13 at 5.)  Plaintiff characterized these alleged incidents as "psychological games . . . done with the intent to drive me to lash out . . . in order to establish their narrative that I am crazy[.]"  (Dkt. No. 1 at 8.)  As the Report found, however, "Plaintiff cannot show that these encounters and observations are more than isolated, unrelated instances with little or any intentional connection to Plaintiff.  And regardless of how all these matters may have affected Plaintiff's own subjective impression of his liberty, they did not amount to deprivations of constitutionally protected interests, by any stretch."  (Dkt. No. 12 at 24-25.)

Plaintiff objects that he has stated a claim for conspiracy, stalking, and intimidation.  (Dkt. No. 13 at 5.)  As the Report found, however, Plaintiff relies on federal criminal statutes, which offer no private right of action and no basis for civil liability.  (Dkt. No. 12 at 25.)

Plaintiff objects that he should be granted an opportunity to amend his Complaint.  (Dkt. No. 13 at 5-7.)  The court agrees with the Report that leave to amend should be denied.  (Dkt. No. 12 at 26-27.) The Complaint for this action "is very similar – and in many ways identical – to the multiple complaints that Plaintiff filed" in his prior action in EDCV 24-1579-FMO (AS), in which he had also alleged that various parties had harassed and intimidated him in a variety of ways.  (Id. at 27.)  "Because any further

attempt to amend would yield the same result, amendment would be futile." (Id.)

Pursuant to 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which Objections were directed. Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In sum, Plaintiff's Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that the Complaint is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiffs.

DATED: January 26, 2026

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

4